UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANGEL DAVID NEGRON,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal No.  26cr10136<br><br>Violations:<br><br>Count One: Felon in Possession of<br>Firearm<br>(18 U.S.C. § 922(g)(1))<br><br>Count Two: Possession of a Machinegun<br>(18 U.S.C. § 922(o))<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

INDICTMENT

COUNT ONE
Felon in Possession of Firearm
(18 U.S.C. § 922(g)(1))

The Grand Jury charges:

On or about March 31, 2026, in East Boston, in the District of Massachusetts, the defendant,

ANGEL DAVID NEGRON,

knowing that he was previously convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, that is: three privately made firearms, bearing no serial numbers.

All in violation of Title 18, United States Code, Section 922(g)(1).

1

## COUNT TWO
Possession of a Machinegun
(18 U.S.C. § 922(o))

The Grand Jury further charges:

On or about March 31, 2026, in East Boston, in the District of Massachusetts, the

defendant,

ANGEL DAVID NEGRON,

did knowingly possess a machinegun, as defined by Title 26, United States Code, Section 5845(b),

that is a machinegun conversion device.

All in violation of Title 18, United States Code, Section 922(o).

2

## FIREARM FORFEITURE ALLEGATION
### (18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 922, set forth in Counts One and Two, the defendant,

ANGEL DAVID NEGRON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses.   The property to be forfeited includes, but is not limited to, the following:

   a. a privately made firearm, bearing no serial number, seized on March 31, 2026;

   b. a privately made firearm, bearing no serial number, seized on March 31, 2026; and

   c. a privately made firearm, bearing no serial number, seized on March 31, 2026.

2.     If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

███████████████

FOREPERSON

MICHAEL E. ROBINSON
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: April  29  , 2026
Returned into the District Court by the Grand Jurors and filed.

/s/Thomas F. Quinn Jr. 4/29/2026 @ 11:15am.

DEPUTY CLERK

4